**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 02-1177

UNITED STATES,
Appellee,

v.

ANTONIO DELLOSANTOS,
Defendant, Appellant.

No. 02-1178

UNITED STATES,
Appellee,

v.

JUAN DELLOSANTOS,
Defendant, Appellant.

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nathaniel M. Gorton, U.S. District Judge]

Before

Selya, Lipez and Howard,
Circuit Judges.

Patrick Shanley on brief for appellants.
Michael J. Sullivan, United States Attorney, and Paul G. Casey, Assistant U.S. Attorney, on Motions for Summary Disposition for appellee.

June 10, 2003

**Per Curiam.** Appellants Juan and Antonio Dellosantos appeal their sentences following their convictions for possessing with the intent to distribute and distributing heroin in violation of 21 U.S.C. § 841(a)(1). Antonio contends that the district court erred by denying his request for a downward departure based on his deportable alien status. Juan contends that the attorney who represented him below provided constitutionally ineffective assistance by failing to seek such a downward departure. The government seeks summary disposition in both appeals.

Having thoroughly reviewed the briefs and the record, we see no reason not to enforce the waiver of appellate rights that is contained in Antonio's plea agreement. After all, the record shows it to be knowing and voluntary, and Antonio does not contend that the "miscarriage of justice" exception should apply. See United States v. De-La-Cruz Castro, 299 F.3d 5, 15 (1st Cir. 2002), United States v. Teeter, 237 F.3d 14, 21-27 (1st Cir. 2001). We note, moreover, that even if we were to overlook Antonio's waiver of appellate rights, he abandoned the right to seek a downward departure on the ground presented here by the terms of his plea agreement, and he forfeited that right by his presentation at the sentencing hearing.[1]

---

[1] The amended sentencing memorandum that Antonio submitted below sought a downward departure only on the ground that Antonio was willing to stipulate to his deportability. Absent a non-frivolous defense to a deportation charge, such departures are foreclosed under United States v. Clase-Espinal, 115 F.3d 1054,

-2-

On appeal Juan argues that the attorney who represented him below rendered constitutionally ineffective assistance by failing to seek a downward departure based on Juan's deportable alien status. The argument overlooks the fact that, like Antonio, Juan waived the right to seek any departures under the terms of his plea agreement.[2]

The court has considered the arguments raised in the appellants' joint pro se supplemental brief and concludes that they are meritless. In view of the foregoing, the government's motion for summary disposition in United States v. Antonio Dellosantos, No. 02-1177 is allowed. Appeal dismissed. See Loc. R. 27(c).

The government's motion for summary disposition in United States v. Juan Dellosantos, No. 02-1178, also is allowed. The judgment of conviction pertaining to Juan Dellosantos is affirmed. See Loc. R. 27(c).

_____

1056-60 (1st Cir. 1997). While Antonio now contends that adverse penal consequences associated with his deportable alien status should entitle him to a downward departure, he did not make this argument below. Thus, it has been forfeited. In all events, Antonio has not suggested that his case presents any extraordinary circumstances that would support a downward departure based on his deportability. See United States v. Maldonado, 242 F.3d 1, 4 (1st Cir. 2001).

[2] As with Antonio, no extraordinary circumstances have been identified in support of a deportability departure for Juan.